## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**SHAUN MURPHY,**

     **Plaintiff,**

**v.**                        **CASE NO:**

**ENPROVERA CORP,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHAUN MURPHY, (hereinafter "Plaintiff" or "Mr. Murphy"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, ENPROVERA CORP (hereinafter "Defendant," "EPV," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on disability and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; the Americans with Disabilities Act ("ADA"); and Chapter 760

of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"), and for retaliation in violation of the Workers' Compensation Law §440.205 Florida Statutes.

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated and retaliated against him, altered the terms, conditions, and privileges of his employment because of his disability and race in violation of his rights under Title VII, the ADA, the FCRA and the Workers' Compensation Law §440.205 Florida Statutes.

3.    As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental

jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Duval County, Florida.

## PARTIES

8.    Plaintiff is a Caucasian Male with Bi-Polar Disorder.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on his disability and race under Title VII, the ADA, the FCRA, and the Workers' Compensation Law §440.205 Florida Statutes.

10.    During the period from November 29, 2021, until March 7, 2022,

Defendant employed Plaintiff.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the ADA, the FCRA, and the Workers' Compensation Law §440.205 Florida Statutes.

13.    The Defendant is ENPROVERA CORP, a Florida Profit Corporation with a principal place of business located at 410 Ware Blvd, Suite 404, Tampa, Florida 33619.

14.    ENPROVERA CORP is a subcontractor working under Amentum/PAE (PAE) and was Shaun Murphy's legal employer. PAE is the prime contractor on the Postal Mailbag Transportation Equipment Service Center (PMTESC) Contract.

15.    At all times conduct herein, Defendant regularly conducted, and continues to conduct, business throughout Duval County, Florida.

16.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the ADA, the FCRA, the

Workers' Compensation Law §440.205 Florida Statutes.

17.    Accordingly, Defendant is liable under Title VII, ADA, the FCRA, and the Workers' Compensation Law §440.205 Florida Statutes for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

18.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

19.    On March 18, 2022, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on his race, disability, and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated March 18, 2022, is attached hereto, and incorporated herein as **Exhibit "A."**

20.    On January 3, 2023, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 510-2022-03065) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated January 3, 2023, is attached hereto, and incorporated herein as **Exhibit "B."**

21.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.    On November 29, 2021, EPV hired Mr. Murphy as a night-shift Forklift Operator; his last work date was February 8, 2022.

24.    During his employment, Mr. Murphy was the only Caucasian employee working on the night shift and he worked every scheduled day except one hour on Friday, January 14, 2022.

25.    As the only Caucasian employee on the nightshift, Mr. Murphy regularly worked with African American cousins employed by EPV that threatened him with severe bodily harm, threw things at him, and regularly threatened to kill him.

26.    Mr. Murphy reported the threats of violence and death threats

from these employees to his African American manager,[1] "Larry." Additionally, Mr. Murphy explained to Larry that he needed to be able to take breaks to cool down after being subjected to the constant threats and hostilities as they were causing a relapse of his Bi-Polar symptoms.

27.    When Mr. Murphy explained his need for accommodations to Larry, Larry informed Mr. Murphy that he had previously fired an employee for having Bi-Polar Disorder. Additionally, Larry responded to Mr. Murphy's complaint and request for accommodation by stating that he would not address the issue as he wanted to protect the accused employees' employment.

28.    On January 31, 2022, after Larry's refusal to address the threats made by his EPV coworkers, Mr. Murphy elevated his complaint directly to EPV's management. Mr. Murphy called EPV's Program Manager (PM) for the PMTESC contract and explained that EPV associates working at the same facility threatened him with severe bodily harm, threw things at him, and regularly threatened to kill him.

29.    Following Mr. Murphy's complaint to EPV's management, EPV

---

[1] EPV has no management presence at the PMTESC worksite. Site management is handled through the prime, PAE.

suspended one of the accused employees pending an investigation.

30.    On February 1, 2022, EPV interviewed Mr. Murphy's PAE Plant Manager, who stated, "a cardboard sleeve was flung over the back of the bin and hit Shawn in the head. There was no serious injury."

31.    On February 7, 2022, EPV's Human Resources Director (HRD) sent an email with Complainant Interview Questions to Mr. Murphy with instructions as follows: "Attached you will find questions for you to complete based on the information I have received. If you could, please take a few moments to review and complete these to the best of your knowledge and return it to me. We will then use these as a basis for our discussion."

32.    On February 8, 2022, at 1:20 P.M., Mr. Murphy returned the Complainant Interview Questions Form to EPV's HRD. Mr. Murphy's responses detailed the harassment that the accused cousins had subjected him to during his employment with EPV.

33.    On February 8, 2022, at 5:36 p.m., Mr. Murphy sent an email to the EPV's PM stating: "I informed the nighttime supervisor Larry that I have a medical emergency and need to admit myself into the hospital. My mental health is collapsing, and it's from everything that's happening at the MTESC. I'm not well right now. I've developed suicidal thoughts from the extreme

stress I've been forced to deal with. Once I have a clear head and get better from what I am experiencing at the moment, I'll shoot you an email detailing exactly what I mean. I need to get better for my family. The hospital I'll be admitted to is Riverpoint Behavioral, in Jacksonville Florida. The doctors there know me."

34.    EPV responded to Mr. Murphy's interview responses by removing the second cousin from the workplace and terminating the employment of both accused. Additionally, EPV granted Mr. Murphy his request for leave to undergo intensive inpatient therapy stating, "when you are feeling better, I want to discuss and create a plan for you to return to work, if you want to return."

35.    On February 22, 2022, Mr. Murphy informed EPV that he wanted to return to work on February 28, 2022.

36.    On February 24, 2022, the EPV's HRD told Mr. Murphy that he would be required to have his Healthcare Provider (HCP) complete a Return-to-Work Plan which included a Fitness for Duty Form and an ADA Accommodation Request Form before they would allow him to return to work. Mr. Murphy responded by sending EPV's HRD a copy of his Social Security Letter stating that they had determined him to be disabled and

inquired about his pay during his time away for his necessary medical treatment resulting from his hostile work environment.

37.    On February 28, 2022, instead of providing Mr. Murphy with EPV's worker's compensation policy, EPV's HRD wrote to Mr. Murphy stating the forms for disability were being obtained from the insurance company.

38.    On March 3, 2022, Mr. Murphy provided EPV with the required paperwork completed by his HCP which stated his return-to-work date would be April 20, 2022. Without discussing the paperwork or engaging in an interactive process, EPV told Mr. Murphy that his position would not be available for him on April 20, 2022.

39.    On March 7, 2022, EPV sent Mr. Murphy an email and letter which stated, "You have been absent from work since February 9, 2022, and you have exhausted the unpaid leave granted to you as an accommodation. You are not eligible for any additional leave as required by state and federal laws and we are unable to continue accommodating your absence. Regrettably, we must terminate your employment effective March 7, 2022."

40.    On March 18, 2022, EPV's Short Term Disability provider denied Mr. Murphy's claim stating that Mr. Murphy's disability was a preexisting

condition. To date, EPV has never provided Mr. Murphy with any Worker's Compensation information.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Disability Discrimination

41.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.    Plaintiff is a Caucasian Male with Bi-Polar Disorder.

43.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

44.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

45.    At all times material herein, Defendant employed Plaintiff.

46.    At all times material herein, Plaintiff's coworkers harassed and discriminated against Plaintiff because of his disability.

47.    Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

48.    However, Plaintiff, was subjected to a hostile work environment because of his disability through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

49.    Plaintiff believed that his coworkers' offensive acts and statements materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

50.    Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

51.    At all times material herein, Defendant knew, or in the exercise

of reasonable care should have known, about Plaintiff's coworkers' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

52. Defendant violated Title VII by subjecting Plaintiff to harassment because of his disability by failing to promptly correct his coworkers' harassment once it learned of it.

53. Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by his coworkers failed to promptly take steps to correct the conduct of Plaintiff's coworkers who, like Plaintiff, were under their supervision, management, and control.

54. Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination and hostile work environment by terminating Plaintiff's employment on March 7, 2022.

55. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and

disparate treatment of Plaintiff, deprived him of statutory rights under Title VII.

56.    Defendant's actions constitute discrimination in violation of Title VII.

57.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, SHAUN MURPHY, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ENPROVERA CORP, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on

his disability;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination he has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.     Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff his attorneys' fees, reasonable expert witness

fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT II</u>
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Race Discrimination**

58.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

59.     Plaintiff is a Caucasian male.

60.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

61.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

62.    At all times material herein, Defendant employed Plaintiff.

63.    At all times material herein, Plaintiff's coworkers harassed and discriminated against Plaintiff because of his race.

64.    Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

65.    However, Plaintiff, was subjected to a hostile work environment because of his race through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

66.    Plaintiff believed that his coworkers' offensive acts and statements materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

67.    Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

68.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's coworkers' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

69.    Defendant violated Title VII by subjecting Plaintiff to harassment because of his race by failing to promptly correct Plaintiff's coworkers' harassment once it learned of it.

70.    Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by his supervisors failed to promptly take steps to correct the conduct of his supervisors who, like Plaintiff, was under their supervision, management, and control.

71.    Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination and hostile work environment by terminating Plaintiff's employment on March 7, 2022.

72.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived him of statutory rights under Title VII.

73.    Defendant's actions constitute discrimination in violation of Title VII.

74.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to his family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, SHAUN MURPHY, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ENPROVERA CORP, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its

implementing Regulations, discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

75.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

76.    Plaintiff is a Caucasian Male with Bi-Polar Disorder.

77.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

78.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or

receivers." 42 U.S.C. § 2000e(a).

79.    At all times material herein, Defendant employed Plaintiff.

80.    Defendant subjected Plaintiff to adverse employment actions in retaliation for filing a formal grievance regarding discrimination and harassment which included terminating his employment.

81.     The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

82.    As his employer, Defendant was obligated to guard against the harassment, disparate treatment, discrimination, and retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

83.    Defendant violated Title VII by, among other things, failing to promptly correct the harassment, disparate treatment, discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

84.    Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, retaliation, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the

terms, conditions, or privileges of his employment with Defendant.

85.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, discrimination, and retaliation of Plaintiff, deprived him of statutory rights under Title VII.

86.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, SHAUN MURPHY, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ENPROVERA CORP, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff based on his complaints regarding discrimination;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the retaliation to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and retaliation he has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of his injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Disability Discrimination

87.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

88.     Plaintiff is a Caucasian Male with Bi-Polar Disorder.

89.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

90.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership,

receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

91.    At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

92.    At all times material herein, Plaintiff's coworkers harassed and discriminated against Plaintiff because of his disability.

93.    Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

94.    However, Plaintiff, was subjected to a hostile work environment because of his disability through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

95.    Plaintiff believed that his coworkers' offensive acts and statements materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts and statements materially altered the terms and conditions of

Plaintiff's employment.

96.    Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

97.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's coworkers' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

98.    Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of his disability.

99.    Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

100.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

101.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, SHAUN MURPHY, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ENPROVERA CORP, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the

individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Racial Discrimination

102.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

103.   Plaintiff is a Caucasian male.

104.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

105.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

106.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

107.   At all times material herein, Plaintiff's coworkers harassed and

discriminated against Plaintiff because of his race.

108.   Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

109.   However, Plaintiff, was subjected to a hostile work environment because of his race through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

110.   Plaintiff believed that his coworkers' offensive acts and statements materially altered the terms and conditions of his employment. Further, a reasonable person would have found that Plaintiff's coworkers' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

111.   Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by his own acts or statements.

112.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors'

harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

113.  Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of his race.

114.  Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

115.  The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

116.  As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and

future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, SHAUN MURPHY, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ENPROVERA CORP, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will

properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
### FLORIDA STATUTES §§ 760.01-11
### Retaliation

117.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

118. Plaintiff is a Caucasian Male with Bi-Polar Disorder.

119. At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

120. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

121. At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

122. Defendant subjected Plaintiff to adverse employment actions in retaliation for filing a formal grievance regarding discrimination and harassment which included terminating his employment.

123. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

124. As his employer, Defendant was obligated to guard against the

harassment, disparate treatment, discrimination, and retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

125.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

126.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, retaliation, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

127.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, discrimination, and retaliation of Plaintiff, deprived him of statutory rights under the FCRA.

128.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to his family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, SHAUN MURPHY, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ENPROVERA CORP, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on his continued complaints related to the discriminatory conduct of his coworkers;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's retaliation against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome

the effects of the retaliation he has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
## WORKER'S COMPENSATION RETALIATION

129.    Plaintiff re-alleges and re-adopts paragraphs 1 through 40 of this Complaint as if fully set forth herein.

130.    Plaintiff brings an action under the Workers' Compensation Law §440.205, Florida Statutes, for unlawful retaliation.

131.    On February 8, 2022, at 5:36 p.m., Mr. Murphy sent an email to the EPV's PM stating: "I informed the nighttime supervisor Larry that I have a medical emergency and need to admit myself into the hospital. My mental health is collapsing, and it's from everything that's happening at the MTESC. I'm not well right now. I've developed suicidal thoughts from the extreme stress I've been forced to deal with. Once I have a clear head and get better from what I am experiencing at the moment, I'll shoot you an email detailing exactly what I mean. I need to get better for my family. The hospital I'll be admitted to is Riverpoint Behavioral, in Jacksonville Florida. The doctors there know me."

132.    On February 24, 2022, the EPV's HRD told Mr. Murphy that he would be required to have his Healthcare Provider (HCP) complete a Return-to-Work Plan which included a Fitness for Duty Form and an ADA Accommodation Request Form before they would allow him to return to work. Mr. Murphy responded by sending EPV's HRD a copy of his Social Security Letter stating that they had determined him to be disabled and inquired about his pay during his time away for his necessary medical

treatment resulting from his hostile work environment.

133.   On February 28, 2022, instead of providing Mr. Murphy with EPV's worker's compensation policy, EPV's HRD wrote to Mr. Murphy stating the forms for disability were being obtained from the insurance company.

134.   On March 7, 2022, EPV sent Mr. Murphy an email and letter which stated, "You have been absent from work since February 9, 2022, and you have exhausted the unpaid leave granted to you as an accommodation. You are not eligible for any additional leave as required by state and federal laws and we are unable to continue accommodating your absence. Regrettably, we must terminate your employment effective March 7, 2022."

135.   On March 18, 2022, EPV's Short Term Disability provider denied Mr. Murphy's claim stating that Mr. Murphy's disability was a preexisting condition. To date, EPV has never provided Mr. Murphy with any Worker's Compensation information.

136.   Plaintiff's termination was a retaliatory action taken by Defendant against Plaintiff for seeking worker's compensation benefits in violation of § 440.205, Florida Statutes.

137.   As a direct, proximate, and foreseeable result of Defendant's

termination of Plaintiff, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages that have occurred in the past, are permanent and continuing.

WHEREFORE Plaintiff, SHAUN MURPHY, respectfully demands judgment against Defendant, ENPROVERA CORP, and requests this Honorable Court enter an Order making him whole by awarding the following relief:

A.    Compensation for lost wages, benefits, and other remuneration;

B.    Front pay;

C.    Compensatory damages, including emotional distress, allowable at law;

D.    Prejudgment interest on all monetary recovery obtained;

E.    Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

F.    Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes; and

G.      For such further relief as the Court deems just and equitable.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff respectfully requests a trial by jury.

Date this 3rd day of April 2023.

*/s/ Jason W. Imler, Esq*

Jason W. Imler

Florida Bar No. 1004422

**Imler Law**

23110 State Road 54, Unit 407

Lutz, Florida 33549

(P): 813-553-7709

Jason@ImlerLaw.com

Attorneys for Plaintiff
