# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SHAUN MURPHY,

    Plaintiff,

vs.                                             Case No. 3:23-cv-384-MMH-LLL

ENPROVERA CORP,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 34; Report), entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on February 2, 2024. In the Report, the Magistrate Judge recommends that Defendant's Motion to Dismiss Second Amended Complaint, or in the Alternative, Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 20; Motion) be granted and the Second Amended Complaint and Demand for Jury Trial (Doc. 19) be dismissed. Plaintiff has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must

determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

In the Report, the Magistrate Judge provides two alternative reasons for her recommendation of dismissal. First, Judge Lambert finds that the Second Amended Complaint should be dismissed because it remains an impermissible shotgun pleading contrary to the Court's prior directives. See Report at 7-10. Alternatively, Judge Lambert determines that dismissal is warranted pursuant to Rule 12(b)(6) because Plaintiff fails to state a plausible claim for relief as to

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 31.

- 2 -

each of his claims in the nine counts of the Second Amended Complaint. See id. at 11-30. As explained below, the Court will adopt the Magistrate Judge's recommendations in part.

With respect to Counts I, II, and III of the Second Amended Complaint, the Court finds that the Magistrate Judge correctly determined that these Counts continue to violate the Eleventh Circuit's prohibition on shotgun pleadings. See Report at 9. Specifically, Plaintiff impermissibly combines distinct claims for relief in each Count. See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1322 (11th Cir. 2015) (describing the third type of shotgun pleading as "one that commits the sin of not separating into a different count each cause of action or claim for relief"). The Court has given Plaintiff, who is represented by counsel in this action, two opportunities to correct the shotgun nature of his pleadings. In both a written Order and at a subsequent hearing, the Court explained to Plaintiff's counsel the law on shotgun pleadings and the specific ways in which his pleadings violate those requirements. See Order (Doc. 6), entered April 10, 2023; Minute Entry (Doc. 18), filed May 24, 2023. The Court also cautioned Plaintiff's counsel that failure to correct these deficiencies could result in dismissal. Despite two opportunities and detailed guidance, Plaintiff continues to combine distinct causes of action in these three Counts in violation of the Court's prior directives and Eleventh Circuit precedent. As such, the Court is convinced that Plaintiff is unable or

unwilling to draft a proper pleading with respect to those claims and dismissal with prejudice on that basis is warranted. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018).[2]

However, as to Count IV, the Court finds that Plaintiff did correct his pleading as instructed by the Court and declines to dismiss this Count on shotgun grounds. As such, the Court considers the Magistrate Judge's alternative recommendation that the claim in Count IV is due to be dismissed pursuant to Rule 12(b)(6). See Report at 20-22. In Count IV, Plaintiff brings a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See Second Amended Complaint ¶¶ 88-100. Specifically, Plaintiff alleges that he was subjected to a hostile work environment based on his race. See id. ¶ 94. In the Report, the Magistrate Judge finds that Plaintiff's allegations are insufficient to raise a plausible inference that the alleged harassment was based on Plaintiff's race and recommends dismissal on this basis. See Report at 21. Absent any objection to

---

[2] Indeed, Plaintiff's failure to correct his pleading as directed by the Court "materially increased the burden of understanding" Plaintiff's claims. Cf. Weiland, 792 F.3d at 1324. In drafting its Motion to Dismiss, Defendant was left to guess the nature of Plaintiff's cause of action in these Counts, see Motion at 9, 16, 17, and in preparing the Report, the Magistrate Judge was forced to make assumptions and conduct alternative analyses depending on which cause of action Plaintiff intended to bring. See Report at 15, 18, 23, 25-26. This is an egregious waste of resources and precisely the harm the shotgun pleading jurisprudence is intended to prevent. See Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

this recommendation, and upon independent review, the Court will accept and adopt the Magistrate Judge's determination with regard to this claim.[3]

Finally, having determined that all of Plaintiff's federal claims are due to be dismissed, the Court will dismiss the remaining state law claims without prejudice to re-filing in state court. See Vibe Micro, 878 F.3d at 1296-97 (finding that where a pleading is dismissed on non-merits Rule 8 grounds, the state law claims should be dismissed without prejudice to refiling in state court).

In light of the foregoing, it is

**ORDERED:**

1. The Report and Recommendation (Doc. 34) is **ADOPTED, in part,** as set forth above.

2. Defendant's Motion to Dismiss Second Amended Complaint, or in the Alternative, Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 20) is **GRANTED, in part, and DENIED, in part.**

---

[3] In Count VIII, Plaintiff asserts a parallel claim for race-based hostile work environment under the Florida Civil Rights Act (FCRA), section 760.10 of the Florida Statutes. See Second Amended Complaint at 41. Significantly, the FCRA is patterned after Title VII. See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). Thus, where a plaintiff is unable to maintain a claim under Title VII, he cannot maintain a claim based on the same conduct under the FCRA. See id.; see also Harris v. Public Health Trust of Miami-Dade Cnty., 82 F.4th 1296, 1300 n.2 (11th Cir. 2023). Accordingly, Plaintiff's hostile work environment claim under the FCRA is also due to be dismissed.

    A. The Motion is **GRANTED** to the extent the claims set forth in Counts I-IV and VIII of the Second Amended Complaint are **DISMISSED**.

    B. Otherwise, the Motion is **DENIED**.

3. The state law claims in Counts V-VII and IX of the Second Amended Complaint are **DISMISSED without prejudice** to refiling in the appropriate state court.

4. The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on February 23, 2024.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties